No. 34,452

THE TOPEKA STATE BANK, *Appellee*, v. BARNUM BROWN et al., *Appellants*.

(95 P. 2d 250)

Opinion filed November 10, 1939.

*J. T. Pringle*, of Burlingame, and *Edwin A. Austin*, of Topeka, for appellants Barnum Brown and Lillian Brown.

*Keene Saxon*, of Topeka, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to foreclose a mortgage on real estate, and from a judgment in favor of the plaintiff two of the defendants appeal.

The following statement will tend to explain matters in controversy: William Brown, a resident of Osage county, died in 1907, leaving a will under which a large amount of real estate was devised to his sons, Frank Brown and Barnum Brown, in equal shares. We are not concerned with their various operations further than that in 1930 they consulted with each other with the idea of making a voluntary partition of the lands, which seems to have been fully agreed upon in 1932, but not fully consummated by the execution

and delivery of deeds between them. While these negotiations were going on, Frank Brown and his wife borrowed from the Carbondale State Bank, predecessor in interest of the present plaintiff, the sum of $4,000 evidenced by a note dated March 16, 1931, and secured by a mortgage on Frank Brown's undivided one-half interest in the southeast quarter of the northwest quarter and the southwest quarter of the northeast quarter, and the west half of the southeast quarter containing 160 acres, all in section 18, township 14, range 16 east in Osage county, Kansas, which was a portion of the lands devised by the father. Frank Brown died in 1933, leaving debts which caused his estate to be involved. Sometime thereafter Barnum Brown brought an action to quiet his title to the lands set off to him in the voluntary partition, the present plaintiff being a party defendant in that action. In that action the trial court made findings of fact and conclusions of law, the second and third of which read:

"2. That the title of the plaintiff to the west half of the southeast quarter of section 18, township 14, range 16, is subject to the lien of the mortgage of $4,000 held by the defendant, the Topeka State Bank, upon an undivided one-half interest therein.

"3. That the title of the plaintiff, Barnum Brown, to all of said real estate should be quieted, subject to the lien of said mortgage as above set forth."

And judgment was rendered in accordance.

By reason of the denial of others of its contentions, the Topeka State Bank appealed to this court from that judgment, but this court affirmed the ruling of the trial court. (See *Brown v. Brown*, 146 Kan. 7, 68 P. 2d 1105.) It may here be observed that Barnum Brown filed no cross-appeal. Some months after the opinion was filed in the above quiet-title action, the Topeka State Bank commenced its action to foreclose its mortgage lien on the undivided one-half interest formerly owned by Frank Brown in the west half of the southeast quarter of section 18, township 14, range 16, the parties defendant including Barnum Brown and his wife, and the widow of Frank Brown. We need not notice the exact details, but the demurrer of Barnum Brown and his wife was overruled. Their amended answer made certain admissions as to the execution of the mortgage by Frank Brown, of a subsequent contract between his widow and the plaintiff, to which reference will be made later, and denied generally. Affirmatively they alleged that plaintiff's cause of action was barred by the statute of limitations, and that the in-

debtedness secured by the mortgage had been paid, and also plaintiff was estopped from maintaining an action on the mortgage. Plaintiff's reply denied payment.

As a result of trial, judgment as hereafter mentioned was rendered in favor of plaintiff, and defendants' motion for a new trial having been denied, they have appealed to this court, the specifications of error covering the matters hereafter discussed.

The action was tried upon the admissions made in the pleadings and the record in the partition case to which reference has been made.

Plaintiff's petition and supplemental petition alleged that on March 16, 1931, Frank Brown and his wife executed their note to the Carbondale State Bank for $4,000, secured by a mortgage on an undivided one-half interest in the 160 acres of real estate above described, and that by assignment the plaintiff became the owner and holder of the note and mortgage. An exhibit attached is a contract dated December 1, 1937, between the plaintiff bank and Minnie Brown, as executrix of the estate of Frank Brown, deceased, and Minnie Brown, individually, by which she agreed to pay the bank $400 in cash and to convey it the southeast quarter of the northwest quarter and the southwest quarter of the northeast quarter of section 18, township 14, range 16 (being the portion of real estate which her husband received in the partition), it being agreed the bank still had the right to foreclose its mortgage lien on all the lands described. She also agreed to pay the probate court costs and to grant an easement, not now material. The bank acknowledged compromise of its claim against Frank Brown's estate, and—

"(d) Releases and discharges the estate of Frank Brown, deceased, and Minnie Brown as executrix of the estate of Frank Brown, deceased, and Minnie Brown, individually, of and from any and all personal liability on the said $4,000 note secured by mortgage upon real estate hereinbefore described. It is understood and agreed that it is not the intention of the parties hereto to discharge and extinguish the debt, but only to release second parties from personal liability, and that first party retains and preserves the debt and the lien of its property on the real estate described therein."

The petition also alleged that plaintiff had agreed with defendant Minnie Brown not to ask for a personal judgment against her, but that it was entitled to a judgment in rem in its favor against an undivided one-half of the mortgaged real estate for $4,000 with interest at ten percent per annum from March 16, 1931, less a credit of two-thirds of this sum by reason of the deed of Minnie Brown for

portions of the land described in the mortgage. Appellants' demurrer to this petition was overruled. The correctness of that ruling will be considered hereafter with other matters. The appellants' answer admitted the execution and transfer of the note and mortgage and the execution of the contract between the bank and Minnie Brown, and as has been noted above, raised the questions that the action was barred, that the debt was paid, and that plaintiff was estopped from attempting to enforce the mortgage. After hearing the opening statements of counsel and considering the admissions made by the pleadings and the record in the partition action, the court found the plaintiff was the owner and holder of the mortgage and that there was a balance of $2,291.08 due, which constituted a first lien upon an undivided one-half of the real estate, and the mortgage should be foreclosed. The judgment itself was that the bank recover a judgment in rem for the above amount; that the mortgage be foreclosed and decreed to be a first lien upon the undivided one-half of the west half of the southeast quarter of section 18, township 14, range 16. (This is the land which appellant Barnum Brown received in the partition action wherein it was held subject to the above-mentioned mortgage.)

Appellants have filed a brief and reply brief, in which the question whether the debt evidenced by the note and mortgage here involved has been paid is briefly noticed, whether an action on it was barred by the statute of limitations is not mentioned, but which deal extensively with the general subject of the rights of cotenants and of the right of one cotenant to encumber the interest of the other and the question of estoppel as applied to the facts of this case.

At the time the note and mortgage were given, both were signed by Frank Brown and his wife, Minnie Brown, who is a party to the present action. By these acts Minnie Brown became personally liable to the payee and mortgagee, and by the mortgage she pledged her inchoate interest in the real estate. We have examined the contract of settlement between Minnie Brown and the plaintiff bank, dated December 1, 1937, and referred to above. It seems clear from that contract the purpose was to release Minnie Brown and the estate of Frank Brown, of which she was executrix, from personal liability, and not to extinguish the debt evidenced by the note, and under the reasoning and holding in *Korb v. Minneapolis Threshing Machine Co.*, 133 Kan. 783, 3 P. 2d 502, it must be held the debt was not extinguished. If the debt was not extinguished the lien of the mortgage persisted.

The main contention is that one cotenant cannot encumber the interest of his cotenant, and that partition having been had and the mortgagee having taken the portion of lands set off to Minnie Brown (Frank Brown) to apply on the mortgage debt, the bank may not enforce its lien further as to the portion set off to the appellant Barnum Brown. The essence of the claim is that prior to the partition, as to the entire 160 acres described therein, the mortgage of the bank covered only the undivided one-half interest of Frank Brown and that the interest of Barnum Brown was not affected thereby; that in the partition the interests were equal and the two forty-acre tracts allotted to Frank Brown were of equal acreage and value to the eighty-acre tract set off to Barnum Brown, and when the bank took a conveyance from Minnie Brown of the tract set off to Frank Brown, it estopped itself to foreclose its lien on the portion allotted to Barnum Brown. It serves no purpose to discuss the question whether one cotenant may encumber the interest of his cotenant in lands held in common, for that was not done here. Nor is it of any particular consequence here that Minnie Brown used lands allotted to her husband to procure partial satisfaction of the mortgage debt and her personal release from liability if the application of the property to the debt was fairly made. There seems to be an insuperable reason why Barnum Brown may not question the lien of appellee's mortgage. Barnum Brown, as he had a right to do, brought an action to quiet title to the lands allotted to him in the voluntary partition between himself and his brother Frank, making the bank a party defendant in that action. Had he desired in that action to have had equitable relief to provide that because the interests and acreage allotted to him and his brother were equal in extent and value, the lien of the bank should be impressed on the whole and not the undivided half of Frank Brown's allotment, and appellant's allotment should be freed from the mortgage lien, he could have done so, and submitted that question of equity and for equitable relief to the court. But he did not do so. On the contrary, he permitted the district court to enter its judgment quieting his title to the lands allotted to him and subject to the lien of the mortgage now being foreclosed upon the undivided one-half thereof. He did not appeal from that ruling and it became final, and neither the trial court nor this court may now say the bank has or had no lien on that undivided one-half interest.

No complaint seems to be made as to the amount found due.

Apparently on the assumption the allotted lands were of equal value, and Minnie Brown having conveyed the lands allotted to her, which included an undivided one-half interest therein subject to the lien of the mortgage and an undivided one-half not so subject, the bank gave credit for two-thirds of the mortgage debt and sought only to foreclose its lien on the undivided half of the lands allotted Barnum Brown for the remaining one-third. There seems to have been little or no controversy in the trial court as to the division of the debt and the proportion to be charged against Barnum Brown's allotted lands, if they were subject to any lien. The trial court's judgment approved the division. There is no claim here the division of the debt and the extension of credit were not fairly made and equitable in and of themselves.

From what has been said it follows the court's ruling on the demurrer to the petition was correct. No error is found in the judgment finally rendered, and it is affirmed.